# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07-CR-61-1-LRR |
| vs. | **ORDER ON PRELIMINARY HEARING AND DETENTION** |
| ASHKELON BARRETT, | |
| Defendant. | |

_____

This matter came before the Court for a preliminary examination hearing and a detention hearing. Assistant United States Attorney Mathew Cole appeared on behalf of the United States. Defendant Ashkelon Barrett appeared in person and with his attorney, John Bishop. On behalf of defendant, Jason Duffy testified. On behalf of the government, United States Probation Officer Rhonda Moyle testified. Defense counsel proffered facts without objection. The Court found all testifying witnesses to be credible.

Defendant is on supervised release. On January 4, 2017, defendant appeared for his initial appearance on the Petition to Revoke Supervision[1] (Doc. 48). The government moved for defendant's detention pending the hearing on the petition, scheduled for January 18, 2017, at 1:30 p.m. before the Honorable Linda R. Reade. Defendant requested release.

On January 31, 2008, defendant was sentenced to 120 months' imprisonment and a three-year Term of Supervised Release for possessing a firearm after one or more prior convictions for misdemeanor crimes of domestic violence and distributing methamphetamine. On April 5, 2016, he began his term of supervision. In October of

---

[1] Before the Court now is the First Supplemental and Substituted Petition to Revoke Supervision (Doc. 57).

2016, defendant violated his supervised release, namely he failed to participate in substance abuse testing and he used a controlled substance. On November 3, 2016, the Court modified, without a hearing, defendant's term of supervised release to include 20 hours of community service. On December 29, 2016, defendant completed his 20 hours of community service. One day later, according to the current petition, defendant committed a new law violation, used alcohol/entering bars or taverns, and traveled without permission. (Doc. 57).

Probation Officer Moyle testified that she was alerted by email on December 30, 2016, that University Heights Police Officers had stopped defendant for suspected driving while intoxicated. Defendant called Officer Moyle from the scene, prior to going to jail, and admitted to her that he had consumed alcohol in Cedar Rapids, drove to Iowa City, went to dinner and drank some more alcohol, and was stopped by police while driving from the restaurant. A few days later, on January 3, 2017, defendant spoke with Officer Moyle again after he was released from jail. Defendant again admitted to his drinking and driving on December 30, 2016. He also admitted that he had driven to Iowa City on other occasions beginning in the summer of 2016 and consumed alcohol on those occasions.

At the hearing, Jason Duffy, defendant's work supervisor, testified that defendant is an ideal worker and could return to work as a carpenter. Mr. Duffy stated that he was not aware of defendant drinking, using drugs, or leaving the immediate area. Defendant's counsel proffered that defendant has strong ties to the community, lives with family and may continue to do so, is able to return to his employment as a carpenter, and was fully honest with his probation officer in admitting to the instant violations of his supervised release.

First, the Court turns to the preliminary examination hearing. The Court finds probable cause to believe that defendant committed the violations alleged in the current petition (Doc. 57). *See* FED. R. CRIM. P. 5.1(e). United States Probation Officer Moyle testified that defendant confessed to her that he committed the current violations in addition to confessing that he began consuming alcohol and traveling to the Southern District of Iowa in the summer of 2016.

Pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure, the burden is on defendant to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Defendant met the burden of showing by clear and convincing evidence that he does not pose a flight risk. Defendant's supervisor testified that defendant is welcome to return to work. Defense counsel proffered that defendant has strong community ties and has available an appropriate residence. No evidence was presented that defendant has ever failed to appear for any hearing or has fled in the past.

On the other hand, defendant failed to carry the burden of showing by clear and convincing evidence that he does not pose a danger to the community. Defendant has previously violated conditions of his supervised release. Supervised release is a part of defendant's sentence and he must comply with the rules imposed by his term of supervised release. The Court finds probable cause to believe that defendant consumed alcohol/entered a tavern or bar, operated a vehicle under the influence, and traveled to the Southern District of Iowa without permission. Additionally, defendant's confession to his probation officer indicates he has violated conditions of supervised release without being caught. Here defendant was drinking and driving. This is a serious offense. It poses a danger to the public and to law enforcement officers. The Court does not believe

that defendant would abide by any conditions the Court could impose for the period pending his revocation hearing, set for January 18, 2017.

Accordingly, the Court finds defendant has not shown by clear and convincing evidence that he is not a danger to the community.

For these reasons, the Court grants the government's motion for detention of defendant pending his revocation hearing on January 18, 2017.

**IT IS SO ORDERED** this 10th day of January, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa